IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA PERKINS, | : | |
| Plaintiff, | : | |
| v. | : | CA 2:11-00603-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

The plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Doc. 21 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 14), the plaintiff's brief (Doc. 16), the Commissioner's brief (Doc. 18), and the arguments made by the parties at the June 25, 2012 Hearing, it is determined that the Commissioner's decision denying the plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 24 ("An appeal from a judgment

**Relevant Background**

On April 7, 2008, the plaintiff filed an application for DIB and SSI, alleging a disability onset date of November 1, 2007, due to depression, hypertension, and headaches. (*See, e.g.,* R. 143-149.) After her application was denied on June 11, 2008 (*see* R. 95-99), she requested, on July 1, 2008, a hearing (*see* R. 103-110), which was held on July 29, 2009 (*see* R. 72-88). The Administrative Law Judge issued an unfavorable decision (R. 32-45) on November 3, 2009, and the plaintiff sought review from the Appeals Council on December 11, 2009 (*see* R 225-229). Review was denied by the Appeals Council on September 13, 2011 (*see* R 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on October 24, 2011 (*see* Doc. 1).

**Analysis**

I.   **Standard of Review and Claims on Appeal.**

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the

---

entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.* (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, the plaintiff asserts three separate claims:

1. The ALJ erred in finding a mental residual functional capacity inconsistent with the opinions of the examining psychiatrist, the treating psychiatrist, and the therapist;

2. The ALJ erred in finding Ms. Perkins could return to past relevant work that was precluded by the residual functional capacity he had assigned; and

3. The Appeals Council erred in failing to consider the opinion of the treating physician regarding Ms. Perkins' cognitive functioning.

Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on its consideration of the plaintiff's third claim, there is no need for the Court to consider the plaintiff's other claims. *See Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

> II. **Because the written denial of review failed to adequately evaluate new evidence submitted to the Appeals Council—records from a treating medical source—the Court cannot say that the Commissioner's findings are supported by substantial evidence and, consequently, the Court is required to remand this matter for consideration of the entire record.**

The Appeals Council's September 13, 2011 Decision (R. 1-6), which, as stated above, denied the plaintiff's request for review, provides that they "found no reason under [their] rules to the review the [ALJ's] decision" and, importantly, for purposes of this decision, that—in making that determination—they considered

> the reasons [the plaintiff] disagree[d] with the decision in the material listed on the enclosed Order of Appeals Council[—her notice of review and counsel's brief (*see* R. 5)—and also] reviewed the additional medical reports . . . submitted into evidence.

> [The Appeals Council] found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(R. 1-2.) "[T]he additional medical records that [plaintiff's counsel] submitted into evidence," *although not discussed or even identified,* are presumably the medical records from the plaintiff's treating physician submitted on January 10, 2011 (R. 7-31).[2]

As the Eleventh Circuit recently reiterated,

> [t]he AC must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). **The AC must show in its written denial of review that it has evaluated adequately the new evidence.** *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980).[3]

*Colon ex rel. Colon v. Commissioner of Soc. Sec.*, 411 Fed. App'x 236, 238-39 (11th Cir. Jan. 25, 2011) (per curiam) (emphasis and footnote added).

> Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If additional evidence is presented for the first time to the Appeals Council, it

---

[2] Shortly after receiving the Appeals Council's denial, the plaintiff's counsel, on September 20, 2011, petitioned the Appeals Council:

> I represent Patricia Perkins. I received your denial dated September 13, 2011, today. Your denial did not address the letter and treating physician records I submitted on January 10, 2011. The opinion of the treating physician is obviously very significant, especially as he states, "she doesn't cerebrate well and I doubt if she could do any kind of work." Please reopen this case to consider the records, which are enclosed.

(R. 47; *see also* R. 46-71.)

[3] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981. *See id.* at 1209.

5

must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision. *Id.*

*Bowden v. Commissioner of Soc. Sec.*, No. 6:11–cv–620–Orl–GJK, 2012 WL 2179119, at *6 (M.D. Fla. June 13, 2012); *see also generally Johnson v. Commissioner of Soc. Sec.*, No. 6:11–cv–57–Orl–GJK, 2012 WL 469809, at *6-8 (M.D. Fla. Feb. 13, 2012) (undertaking the same analysis attributed to *Bowden* herein). Here, at least some of the treating physician's records pre-date the ALJ's decision (*compare* R. 32-45, *with* R. 16-20); accordingly, at least that portion of the evidence "is 'new' because it relates to the period before the ALJ's decision and should have been considered by the Appeals Council[,]" *Bowden*, 2012 WL 2179119, at *6.[4]

> "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Commissioner of Social Security*, 441 Fed. App'x 735, 745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has ***appropriately evaluated the new evidence***. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 Fed. App'x at 745 (quoting *Epps*, 624 F.2d at 1273).

---

[4] It is not clear whether Dr. Fitz-Gerald's opinion, that the plaintiff "doesn't cerebrate well" (R. 15), made in a note dated January 19, 2010, relates to the period before the ALJ's decision. *Cf. Bowden*, 2012 WL 2179119, at *6 ("In this case, although Dr. Thebaud's opinion was dated after the date of the ALJ's decision, the opinion unequivocally states that the limitations described therein existed since December 31, 2005, the alleged onset date.").

> In *Flowers*, the ALJ properly rejected the opinions of Claimant's treating and examining physicians and relied instead upon the opinion of a non-examining physician, which was well supported by the medical findings contained in the records from the treating and examining physicians. *Id.* at 740–43. The claimant then submitted new evidence to the Appeals Council consisting of new treatment records and opinions from claimant's treating physician. *Id.* at 746. The Appeals Council adopted the ALJ's decision ***without meaningfully addressing the new evidence***. *Id.* The Eleventh Circuit reversed finding that the Appeals Council had not adequately considered the claimant's new evidence. *Id.* at 745. The Eleventh Circuit stated that "[i]ndeed, ***apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it***." *Id.* The Eleventh Circuit noted that the new evidence before the Appeals Council was from a treating physician while the ALJ had relied, albeit properly in that case, on the opinion of a non-examining physician. *Id.* at 746–747. Thus, to the extent the non-examining physician's opinion contradicted the opinion of the treating physician; the non-examining opinion must be accorded little weight. *Id.* at 747. Accordingly, the case was remanded for consideration of the new evidence because there was a reasonable possibility that the new evidence would change the administrative outcome. *Id.*

*Id.* at *7 (footnote omitted and emphasis added).

The Appeals Council's "evaluation" of the new evidence in this matter is virtually the same as the Appeals Council's "evaluation" of the new evidence in *Bowden* and *Flowers*. *Compare* R. 1-2 ("[W]e considered the reasons your disagree with the decision [and w]e reviewed the additional medical reports that your representative submitted into evidence. We found that this information does not provide a basis for changing the Administrative Law Judge's decision."), *with Bowden*, 2012 WL 2179119, at *8 ("In its decision denying review, the Appeals Council merely stated that 'we considered the reasons you disagree with the decision and the additional evidence . . . [but][w]e found

this information does not provide a basis for changing the [ALJ's] decision.' R. 1–2. As in *Flowers*, the Appeals Council here did not demonstrate that it adequately evaluated the new evidence or did anything more than perfunctorily adhere to the ALJ's decision. On that basis alone, the case must be remanded to the Commissioner. *Epps*, 624 F.2d at 1273.").

It makes no difference if the new evidence submitted to the Appeals Council merely consists of the records of a treating medical source, as may be the case here, *see supra* footnote 4, as opposed to the opinion of a treating medical source. While an ALJ does not necessarily need the opinion of a treating medical source to determine a claimant's RFC, the Commissioner must base the RFC determination on substantial evidence. And substantial evidence necessarily includes consideration of all available evidence, particularly the records of a treating medical source. *Cf. Newsome v. Astrue*, 817 F. Supp. 2d 111, 130 (E.D.N.Y. 2011) (finding an ALJ's determination made "without consideration of all of the available evidence the record" to be "not supported by substantial evidence").

Further, the Court must reject the invitation, in the Commissioner's brief to evaluate the evidence submitted to—but not meaningfully evaluated by—the Appeals Council (*see* Doc. 18 at 14-15) because the undersigned "is mindful that [the Court] 'may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner,]'" *Bowden*, 2012 WL 2179119, at *8 (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)); *see also supra* at 3 (Standard of Review).

...

> Because the Appeals Council did not articulate any evaluation of [the new medical evidence], in order for the Court to determine whether good cause exists to reject the [new medical evidence], the Court would necessarily have to engage in prohibited activities of deciding facts anew, reweighing the evidence, and substituting its own decision about the total record for that of the Commissioner.

*Id.*; *cf. Mitcham ex rel. K.N.M. v. Commissioner of Soc. Sec.*, No. 6:09–cv–2100–Orl–DAB, 2011 WL 550515, at *6 (M.D. Fla. Feb. 9, 2011) ("While the Commissioner articulates a basis by which the Appeals Council *might* have discredited the conclusions, the Appeals Council's failure to include *any* substantive analysis of the opinion of this long-standing provider does not show that the Appeals Council 'evaluated adequately the new evidence.'") (quoting *Colon ex rel. Colon*, 411 Fed. App'x at 239) (emphasis in original).

## Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** this the 28th day of June, 2012.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**